**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| JAMES MONROE DAILEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:26-cv-7-MTT-ALS |
| | : | |
| Warden TEKETA JESTER, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER AND RECOMMENDATION**

Plaintiff James Monroe Dailey, a prisoner at Baldwin State Prison in Hardwick, Georgia, file87+6 a *pro se* 42 U.S.C. § 1983 Complaint and paid the filing fee. (Doc. 1). Upon review of Plaintiff's Complaint, Plaintiff's Eighth Amendment deliberate indifference to a serious medical need claim against Defendant Jester may proceed for further factual development. However, it is **RECOMMENDED** that Plaintiff's claims against the remaining Defendants be dismissed without prejudice for failure to state a claim.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I. Standard of Review

The Prison Litigation Reform Act ("PLRA") directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints filed by a plaintiff proceeding IFP. 28 U.S.C. § 1915(e). Both statutes apply in this case, and the standard of review is the same. "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v.*

*United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting

under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

II. Plaintiff's Allegations

Plaintiff's claims arise from his incarceration at Baldwin State Prison. (Doc. 1 at 5). In 2019, Plaintiff was provided diabetic shoes by Augusta Medical Prison "because the crocks shoes were causing sores on [his] feet." *Id.* at 5. Around October 15, 2024, Plaintiff sent in a sick call request to Defendant Russ asking for replacement diabetic shoes because his were "worn out and leaking water". *Id.* The request was denied. *Id.* Plaintiff states that three days later he appealed to Defendant Newman who then "explained that the service provider would not allow her to order [him] new diabetic shoes unless [he] had an[] ulcer on [his] feet." *Id.* Plaintiff was then given a "crock shoe." *Id.* Plaintiff states that on November 15, 2024, he developed an ulcer on the big toe of his right foot. *Id.* Defendant Newman took pictures and telephoned the "service provider" to request that Plaintiff be referred to a podiatrist. *Id.* The "service provider" denied the podiatry referral. *Id.* Plaintiff states that from about November 15, 2024 to December 31, 2024, Defendant medical nurses Newman, Russ and D.J. "treated [his] right big toe everyday by changing the bandages but this treatment was having no effect." *Id.* at 9. Plaintiff complains that the infection worsened and spread into his right foot and up to his knee. *Id.* Plaintiff states that the Defendant "medical doctor" also looked at this but did nothing to help the

treatment. *Id.* Plaintiff states that Defendant Newman "gave [him] 10 days of antibiotics", took several pictures of his "raging infection," and sent requests to the "service provider" that he be seen by a podiatrist, however, those requests were denied. *Id.* Furthermore, Plaintiff "was still forced to wear crocks during all this time causing even more injury to [his] right foot." *Id.* at 10. On December 31, 2024, Defendant Newman ordered Plaintiff to be taken to the hospital because his "whole foot and to [his] right knee was swelled 3x normal and [his] right big toe turned completely black." *Id.* When Plaintiff arrived at the Hospital, he was told that he "had to have an emergency operation to amputate [his] right big toe to the 3rd joint or [he] would lose [his] right leg due to rampant infection in [his] foot & leg." *Id.* Plaintiff's toe was amputated on January 1, 2025. *Id.* at 10-11.

Plaintiff names Baldwin State Prison, Warden Teketa Jester, Nurse Newman, Nurse Russ, Nurse D.J. and "medical Doctor and medical provider [whose] names [are] unknown at this time" as his Defendants. *Id.* at 4, 7. Plaintiff seeks injunctive relief and damages. *Id.* at 6.

III. Plaintiff's Claims

Plaintiff's allegations raise an Eighth Amendment claim of deliberate indifference to a serious medical need claim. A prison official who is deliberately indifferent to an inmate's serious medical needs violates the Eighth Amendment to the United States Constitution. *See Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). To state a claim for deliberate indifference to serious medical needs, a plaintiff must allege "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009) (citation omitted). The first prong is objective, and

> a serious medical need is considered one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. In either of these situations, the medical need must be one that, if left unattended, pos[es] a substantial risk of serious harm.

*Farrow*, 320 F.3d at 1243 (alteration in original) (internal quotation marks and citations omitted). A serious medical need can also arise if "a delay in treating the need worsens the condition." *Mann*, 588 F.3d at 1307. "In either case, 'the medical need must be one that, if left unattended, poses a substantial risk of serious harm.'" *Id.* (quoting *Farrow*, 320 F.3d at 1243).

To establish the second element—deliberate indifference—a plaintiff must plausibly allege that the defendant: (1) "was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff"; (2) disregarded that risk; and (3) "acted with 'subjective recklessness as used in the criminal law[.]'" *Wade*, 106 F.4th at 1255, 1262 (quoting *Farmer v. Brennan*, 511 U.S. 825, 839 (1994)).

Subjective awareness requires that the defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Rodriguez v. Sec'y for Dep't of Corr.*, 508 F.3d 611, 617 (11th Cir. 2007) (quoting *Farmer*, 511 U.S. at 837). "'[I]mputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference. Each individual defendant must be judged separately and on the basis of what that person kn[ew].'" *Dang ex rel. Dang v. Sheriff, Seminole Cnty. Fla.*, 871 F.3d 1272, 1280 (11th Cir. 2017) (alterations in original) (quoting *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008)). To establish that a particular "defendant acted with 'subjective recklessness as used in the criminal law'" the plaintiff must allege "that the defendant was subjectively

aware that his own conduct put the plaintiff at substantial risk of serious harm." *Wade*, 106 F.4th at 1255.

The final prong simply requires "that a defendant have a causal connection to the constitutional harm." *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1326-27 (11th Cir. 2007) (citation omitted) (explaining that "as with any tort claim, [the plaintiff] must show that the injury was caused by the defendant's wrongful conduct"). "Causation, of course, can be shown by personal participation in the constitutional violation." *Id.* at 1327.

A. Defendants Nurse Newman, Nurse Russ, and Nurse D.J.

There is no doubt that an infection that lasts several weeks and that causes severe swelling and leads to the amputation of a limb can be a serious medical need. *See Farrow*, 320 F.3d at 1243 (stating that a serious medical need can be "one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."). Therefore, Plaintiff has satisfied the first element of his Eighth Amendment Claim. The Court will next analyze whether Plaintiff's claims demonstrate the second or third elements of deliberate indifference and causation.

Here, Plaintiff states that Defendants Russ and Newman tried to get him new diabetic shoes but that their requests were denied by the medical service provider. (Doc. 1 at 5). He goes on to claim Defendant Newman repeatedly took pictures of his toe and unsuccessfully tried to get the medical service provider to refer Plaintiff to a podiatrist, but the request was ultimately denied. *Id.* at 5, 9. He also asserts that for more than a month, Defendants Newman, Russ, and D.J. provided treatment for his toe "everyday by changing the bandages." *Id.* at 9. Lastly, it was Defendant Newman who ordered that Plaintiff be taken to the hospital when his infection worsened. *Id.* at 10. Nothing about the actions of these Defendant Nurses demonstrates deliberate indifference or causation.

*See Blanchard v. White Cty. Det. Ctr. Staff*, 262 F. App'x 959, 964 (11th Cir. 2008) (citing *Harris v. Thigpen*, 941 F.2d 1495, 1504 (11th Cir. 1991) (holding that when a "claim turns on the quality of the treatment provided, there is no constitutional violation as long as the medical care provided to the inmate is 'minimally adequate.'"); *Hoffer v. Sec'y, Fla. Dep't of Corr.*, 973 F.3d 1263, 1271 (11th Cir. 2020) (quotation marks and citations omitted). ("[W]e have emphasized, [m]edical treatment violates the [E]ighth [A]mendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."). Because Plaintiff has failed to satisfy the second and third elements of his deliberate indifference to a serious medical claim against these Defendant Nurses, his claims against them are subject to dismissal. Accordingly, it is **RECOMMENDED** that Plaintiff's claims against Defendants Newman, Russ, and D.J. be **DISMISSED without prejudice** for failure to state a claim.

B. Defendant Warden Teketa Jester. Medical Provider and Medical Doctor

As stated above, Plaintiff alleges that the medical service provider denied him a medically necessary diabetic shoe that he had used for years and refused to permit him to be evaluated by a podiatrist, despite repeatedly receiving photographs demonstrating that the ulcer on his toe had progressed into a severe infection, ultimately necessitating amputation of the toe. (Doc. 1 at 5, 9-10). He also alleges that he was seen by Defendant "medical doctor" when his infection spread from his toe all the way up to his knee, but the doctor "did nothing" to treat him. *Id.* at 5. These allegations are sufficient to show that the medical service provider and the medical doctor were deliberately indifferent to the serious medical needs of the Plaintiff. *See e.g., Mann*, 588 F.3d at 1307 (finding that a deliberate indifference to a serious medical need can arise if "a delay in treating the need worsens the condition."); *Adams v. Poag,* 61 F.3d 1537, 1543-44 (11th Cir. 1995) ("Our

cases have consistently held that knowledge of the need for medical care and an intentional refusal to provide that care constitutes deliberate indifference.”).

As a general rule, “fictitious party pleading is not permitted in federal court”. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). The one exception to this rule is when the plaintiff's description of the defendant is so specific that the party may be identified for service even though his actual name is unknown. *See id.* (citing *Dean v. Barber*, 951 F.2d 1201, 1215-16 (11th Cir. 1992)). Therefore, to proceed against an unnamed defendant, a plaintiff must provide a “description of some kind which is sufficient to identify the person involved so that process can be served.” *Dean*, 951 F.2d at 1216 (internal quotation marks omitted). Here, Plaintiff does not provide any description whatsoever of his Defendants Medical Doctor and Medical Provider. *See* Doc. 1 at 4, 5, 7. While it appears discovery may reveal the true names of Defendants Medical Doctor and Medical Provider, and this is “a relevant consideration when determining whether a plaintiff can pursue a claim against an unnamed defendant[,]” it is not sufficient absent some way of identifying these Defendants for service. *Vielma v. Gruler*, 808 F. App'x 872, 880-81 (11th Cir. 2020) (observing that “our precedent has never permitted John Doe pleading solely on the ground that discovery might reveal an unnamed defendant's identity” instead requiring “an unambiguous description of a defendant that enables service of process”). Plaintiff's claims against Defendants Medical Doctor and Medical Provider are therefore subject to dismissal.

The Court, however, will not recommend dismissal of the claims against Defendants Medical Doctor and Medical Provider at this time given that these claims could be barred by the applicable statute of limitations if Plaintiff is forced to refile them. In addition, the Eleventh Circuit has noted that that a prisoner-plaintiff may face

difficulty in ascertaining the alleged wrongdoer and observed that "district courts [should] assist prisoners in discovering the identity of the proper defendants." *Brown v. Sikes*, 212 F.3d 1205, 1209 n.4 (11th Cir. 2000). The Eleventh Circuit has therefore approved of a prisoner suing a "high ranking prison official[ ]" solely because that individual may be "in a position to identify the individuals who are actually and directly responsible" for the alleged constitutional violations. *Id.* at 1208-09. It is thus reasonable to allow Plaintiff's Eighth Amendment claim to also proceed for further factual development against Defendant Warden Jester although Plaintiff makes no allegations giving rise to a claim against Warden Jester. If discovery reveals the identities of the Medical Doctor who provided no treatment for Plaintiff's severe infection and Medical Service Provider who repeatedly denied requested care for the Plaintiff, then Plaintiff should move to amend his pleadings to name them as parties. *Vielma*, 792 F.3d at 872. Defendant Jester may, of course, respond and "assert his own noninvolvement, if that is the case, and designate those who would likely have been responsible for whatever deprivation may have occurred." *Brown*, 212 F.3d at 1209 (quoting *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981)).

In sum, although Defendant Medical Doctor and Medical Provider cannot be identified for service, the Court declines to dismiss them at this time. Defendant Jester will also be served with regard to these claims to assist in identifying the Medical Doctor and Medical Provider whom Plaintiff asserts denied him necessary medical care. *Brown*, 212 F.3d at 1208-09.

C. Defendant Baldwin State Prison

The Eleventh Amendment bars a § 1983 action against the State of Georgia and its agencies, such as Georgia Department of Corrections, regardless of whether a plaintiff

seeks monetary damages or injunctive relief. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (Eleventh Amendment bar to suit against state applies "regardless of the nature of the relief sought."); *Will v. Mich. Dep't of State Police*, 491 U.S. 98, 71 (1989) (explaining that the state and its agencies are not "persons" for the purposes of § 1983 liability); *Leonard v. Dep't of Corr.*, 782 F. App'x 892, 894 (11th Cir. 2007) (noting the Eleventh Amendment bars suit against the Georgia Department of Corrections); *Laster v. Ga. Dept' of Corr.*, Civil Action No. 5:21-cv-00464-TES, 2022 WL 4450485, at *3 (M.D. Ga. Sept. 23, 2022), *rev'd in part on other grounds*, No. 22-13390, 2023 WL 5927140 (11th Cir. Sept. 12, 2023) ("Georgia law makes it clear that individual prisons are not separate entities—rather, each prison is a unit of the Georgia Department of Corrections."). More specifically, prisons such as Baldwin State Prison are not valid defendants on a § 1983 claim. *See* 42 U.S.C. § 1983 (subjecting only "persons" to liability); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001) ("In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a *person* acting under color of state law.") (emphasis added); *Parks v. Georgia*, 2017 WL 2930832, at *3 (S.D. Ga. July 10, 2017) (explaining "penal institutions are entities which are not capable of being sued, as they are buildings").

Accordingly, it is **RECOMMENDED** that Plaintiff's claims against Defendant Baldwin State Prison be **DISMISSED without prejudice** for failure to state a claim.

IV. <u>Conclusion</u>

As discussed herein, Plaintiff's Eighth Amendment claim for deliberate indifference to a serious medical need against Defendants Jester, Medical Provider, and Medical Doctor shall proceed for further factual development. However, it is **RECOMMENDED** that claims as to all remaining Defendants be **DISMISSED**

**without prejudice** for failure to state a claim for which relief may be granted.

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc. T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Objections to the Recommendation are limited in length to twenty (20) pages. A party seeking permission to exceed these limitations shall do so by filing a written motion no later than five (5) days in advance of the deadline for filing objections and by specifying the number of pages requested. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**ORDER FOR SERVICE**

Based on the foregoing, it is accordingly **ORDERED** that service be made on Defendant Warden Jester at Baldwin State Prison and that he file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. All Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

**DUTY TO ADVISE OF ADDRESS CHANGE**

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to

promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

**DUTY TO PROSECUTE ACTION**

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

**FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE**

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

**DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has

been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule

34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

**REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefore accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED and RECOMMENDED**, this 1st day of October, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE